**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| TYSON KEPLINGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-028 PS |
| ) | |
| WILLIAM WILSON, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Tyson Keplinger, a prisoner confined at the Wabash Valley Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a disciplinary hearing at the Westville Correctional Facility. The disciplinary Hearing Board ("DHB") found the petitioner guilty of committing battery on another, and imposed a loss of eighteen days of earned credit time. Keplinger appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a *habeas corpus* petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." *Id*. This rule provides district courts with a gatekeeping responsibility to sift through *habeas corpus* petitions and dismiss those petitions which obviously lack merit.

Keplinger presents four grounds in his petition. In ground one, he asserts that he was denied evidence in the form of a videotape; in ground two, he states that one of the members of the board was not impartial; in ground three, he alleges that the conduct report was written more than ten days after the incident in violation of state law; and in ground four, he asserts that the conduct report "contains two distinctive scripts." (Petition at p. 7.) Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause

guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one and two of his petition, Keplinger asserts that he was denied evidence that he requested, and that he was denied an impartial disciplinary hearing board. These implicate rights delineated in *Wolff v. McDonnell*, and state claims upon which relief may be granted under § 2254.

In ground three of his petition, Keplinger states that under state law, Indiana Code § 11-11-5-5(B), a conduct report must be written within ten days, and asserts that the conduct report written against him was written beyond that time frame. But while state law may require that conduct reports be written within ten days of an incident, the United States Constitution does not. That the conduct report may not have been timely under state law states no claim upon which relief can be granted because relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997).

In his fourth ground, Keplinger asserts that the conduct report "contains two distinctive scripts." (Petition at p. 7.) The Petitioner concedes that "Ground IV was not in either of my appeals. I brought the handwriting up at the hearing, but I forgot to include it in my haste to complete a proper appeal." (*Id*. at p. 8.) The principles of exhaustion of available state remedies

2

and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Because the Petitioner did not present the claim that he seeks to raise in ground 4 of his petition in his administrative appeal, he has procedurally defaulted that claim.

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed on ground one of his petition for writ of *habeas corpus*, that the disciplinary hearing board denied him evidence in the form of a videotape, and on ground two of his petition, that one of the members of the board was not impartial;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DISMISSES** the claims presented in grounds three and four of the petition; and

(3) **DIRECTS** the Clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**SO ORDERED**.

DATED: February 27, 2008

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT