UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TYSON KEPLINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-0028 PS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Tyson Keplinger, a prisoner confined at the Wabash Valley Correctional Facility, was caught on tape kicking another inmate, so he was charged with and found guilty of battery by the prison's Disciplinary Hearing Board ("DHB"). He was docked eighteen days of earned credit time as a penalty. Keplinger appealed unsuccessfully to the Superintendent and the final reviewing authority and he now seeks habeas relief pursuant to 28 U.S.C. §2254. I previously reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and dismissed the claims presented in grounds three and four of the petition. I did, however, grant Keplinger leave to proceed on ground one, that the disciplinary hearing board denied him evidence in the form of a videotape; and on ground two, that one of the members of the board was not impartial. The respondent has filed his return and the administrative record. The petitioner has not filed a traverse.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact

finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The decision of the prison disciplinary board must be supported by "some evidence." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The WCC has security video cameras strategically placed around the facility, and the battery in question was videotaped. Prisoners have the right to have relevant videotapes reviewed by the DHB. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003); *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2001), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). When his case was screened, Keplinger asked that the DHB review the videotape. (DE 6-7). The petitioner asserts in his petition that the DHB "denied me exculpatory evidence (video tape) during my hearing." (Petition at p. 4). The administrative record, however, establishes that the DHB did not deny him this evidence. According to the record, the DHB reviewed the video (DE 6-10 and 6-11) and concluded that "Keplinger is visible kicking Campbell." (DE 6-11).

The record before the court establishes that the DHB complied with the due process requirement that they review potentially exculpatory videotapes. After viewing it, the DHB concluded that the videotape supported a finding of guilt. Federal Courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or by reweighing the evidence. *Superintendent v. Hill,* 472 U.S. at 455-56.

The petitioner also asserts that DHB chairman, P. Krueger, was not impartial because his name was in the incident report. Due process requires that decision makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff v. McDonnell*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff*, however, does not guarantee

2

that a prisoner will have hearing officers with no prior knowledge of the incident. What *Wolff* does guarantee is that the author of the conduct report or someone involved in investigating the incident does not serve on the hearing board. *Wolff* prevents "officials who have a direct personal or otherwise substantial involvement in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary board." *Redding v. Fairman*, 717 F.2d at 1113.

According to the respondent's submissions, Mr. Krueger was only mentioned in Lieutenant Cain's report because he had to be consulted on where to place all of the inmates who were involved in this incident. The petitioner has not filed a traverse contesting this statement, and the administrative record supports it. (DE 6-3 at p. 2). Mr. Krueger was not the author of the conduct report or involved in investigating the incident, and nothing in the record supports an inference that he was not impartial within the meaning of *Wolff v. McDonnell*.

For the foregoing reasons, the court the court **DENIES** this petition.

**SO ORDERED**.

ENTERED: July 21, 2008

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT